# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

CURTIS BOLDEN,            )
                          )
        Plaintiff,       )
                          )
        v.              )       No. 4:22-cv-00933-SRW
                          )
BANK OF AMERICA,      )
                          )
        Defendant.     )

## <u>MEMORANDUM AND ORDER</u>

Before the Court is the application of self-represented plaintiff Curtis Bolden to proceed in the district court without prepaying fees or costs. Based on Plaintiff's financial information, the Court finds that Plaintiff does not have sufficient funds to pay the entire filing fee and will grant the motion. Furthermore, based upon an initial review the Court will order Plaintiff to file an amended complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### The Complaint

 Plaintiff files this complaint against defendant Bank of America, alleging his savings account "was drained of cash" between 2004 and August 29, 2022. The complaint is short on specifics. As to what Defendant did, Plaintiff states, "The Bank of America account/savings was drained that plus interest to the saving due to new accounts occupying were I as a good banking customer had lost money."

For relief, Plaintiff seeks $75,000, which he states is the amount of money that is missing. He also seeks court costs and fees. Finally, he seeks "dignity [and] respect as the good banking customer."

### Discussion

### A.      Deficiencies in the Complaint

Plaintiff's complaint is subject to dismissal under § 1915(e)(2)(B) for several reasons. First, Plaintiff asserts diversity of citizenship as the basis for the federal court's jurisdiction. While Plaintiff alleges he is a citizen of Missouri, he has not alleged where Bank of America is incorporated or where it has its principal place of business. Thus, the Court cannot determine if diversity of citizenship between the parties exists.

Secondly, Plaintiff states the amount in controversy is $75,000. Under 28 U.S.C. § 1332, the diversity statute, the amount in controversy must "exceed the sum or value of $75,000." 28 U.S.C. § 1332. Plaintiff has not alleged damages in excess of $75,000, and thus the Court does not have diversity jurisdiction over this action.

Finally, Plaintiff's complaint is too vague and conclusory for the Court to determine whether Plaintiff's claims have facial plausibility. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S at 678. Here, Plaintiff does not allege his banking account number, the date on which he opened the account, or the specific dates upon which his account lost money. He merely alleges that in the 18-year period between 2004 and 2022, his account was "drained."[1] More importantly, Plaintiff does not assert any liability on behalf of defendant Bank of America. The Court has no information regarding whether plaintiff alleges Bank of America took $75,000 from his savings account. Based on the complaint, it is just as likely that an unnamed third party is responsible for this allegedly lost money.

Rather than dismissing the complaint, Plaintiff will be given an opportunity to file an amended complaint according to the instructions set forth below. Failure to follow these instructions may result in the dismissal of this action.

## B.      Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's civil complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A). Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page. He should then fill out the complaint form in its entirety, and ensure that it is signed.

---

[1] The Court assumes that Plaintiff is using the term "drained" to mean the loss of money.

In the "Diversity of Citizenship" section, Plaintiff shall state the state in which Bank of America has its principal place of business and the state in which it is incorporated. Without this information, Plaintiff's complaint will be dismissed for lack of jurisdiction.

In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). For example, Plaintiff must identify which banking account he alleges was drained (preferably by account number), the specific dates on which the money was withdrawn, and the identity of the person or entity that withdrew the money. Plaintiff cannot simply state that from 2004 to 2022 his account was drained of $75,000. Plaintiff shall also allege whether the person or entity withdrawing the money had authority to do so. Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If Plaintiff fails to file an amended complaint on the Court-provided form within twenty-one days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

### C.    Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. In civil cases, a pro se litigant does not have a constitutional or statutory right to the appointment of counsel. *Ward v. Smith*, 721 F.3d 940, 942

(8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds the appointment of counsel is not warranted at this time. Specifically, as discussed above, the Court has determined that Plaintiff's complaint is deficient, and has ordered him to file an amended complaint. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis is **GRANTED** and the filing fee is waived. [ECF No. 2]

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to Plaintiff a copy of the Court's civil complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **twenty-one (21) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court-provided form within **twenty-one (21) days** of the date of this order, in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice.

Dated this 14th day of October, 2022.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE